10-1631-cv
Daniels v. Brooklyn Estates & Properties Realty, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand eleven.

PRESENT:   PIERRE N. LEVAL,
              REENA RAGGI,
              PETER W. HALL,
                *Circuit Judges.*

-----------------------------------------------------------------

JAMEL DANIELS,

             *Plaintiff-Appellant*,

         v.                               No. 10-1631-cv

BROOKLYN ESTATES & PROPERTIES REALTY, GREGAN EQUITIES, INC., PAUL GREGAN, in his individual and official capacity, INGA BARKOVICH, in her individual and official capacity, LARISA FERRARO, in her individual and official capacity,

             *Defendants-Cross-Claimants-*
             *Cross-Defendants-Appellees*,

PAUL BREGIANOS, JOHN DOE, in his individual and official capacity,

             *Defendants-Appellees*.

-----------------------------------------------------------------

FOR APPELLANT:          Frederick K. Brewington, Esq., Hempstead, New York.

FOR APPELLEES:          Jack L. Cohen, Law Offices of Charles J. Siegel, New York, New York, *for Appellees Brooklyn Estates & Properties Realty, Inga Barkovich, and Larisa Ferrano.*

                        Michael S. Sommer, Wilson Sonsini Goodrich & Rosati, New York, New York, *for Appellees Gregan Equities, Inc., Paul Gregan, and Paul Bregianos.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the April 6, 2010 judgment of the district court is AFFIRMED.

Plaintiff Jamel Daniels appeals from an award of summary judgment in favor of defendant Gregan Equities, Inc., and Paul Bregianos (collectively, "Gregan defendants"); and Brooklyn Estates & Properties Realty ("Brooklyn Estates"), Inga Barkovich, and Larisa Ferraro (collectively, "Brooklyn Estates defendants"), dismissing his claims of race and disability discrimination in housing under 42 U.S.C. §§ 1981-82, 1985-86, 3601 et seq., and various state and local laws.[1] We review an award of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We will uphold such an award only if the record reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter

---

[1] We affirm the district court's decision to dismiss Daniels's pendent state law claims without prejudice because Daniels offers no independent challenge to that decision, nor does he identify an abuse of discretion therein. See, e.g., New York Mercantile Exch., Inc. v. IntercontinentalExchange, Inc., 497 F.3d 109, 113 (2d Cir. 2007) (reviewing for abuse of discretion district court's decision whether to exercise supplemental jurisdiction).

of law.  See Fed. R. Civ. P. 56(a).  In applying these standards, we assume the parties' familiarity with the facts and procedural history of the case.

1.    The Gregan Defendants

a.    Race Discrimination

The district court dismissed Daniels's race discrimination claims because the Gregan defendants advanced evidence of legitimate, non-discriminatory reasons for rejecting Daniels's rental application, specifically his failure to satisfy required income and credit levels.  See, e.g., Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003) (applying three-step analysis from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), to fair housing claim), and Daniels failed to show evidence supporting an inference of discrimination.[2]

Daniels submits that the defendants' showing did not warrant summary judgment because he raised sufficient questions as to the plausibility of the articulated reasons to allow a factfinder to conclude they were only a pretext for discrimination.  Like the district court, we are not persuaded.  Daniels's claim that fact questions existed as to whether Gregan had a credit requirement at the time it rejected his application is belied by testimony from Barkovich and Daniels himself recounting pre-rejection conversations discussing Daniels's difficulty meeting the standard.  Nor has Daniels adduced any other evidence supporting an inference that defendants' real reason for rejecting him was race.  See, e.g., St. Mary's Honor

---

[2] Daniels's failure to satisfy these criteria suggests that his claim failed at the first step of McDonnell Douglas analysis, although the district court assumed Daniels cleared this hurdle and discussed the criteria in connection with the ultimate question of whether the record evidence allowed a finding of discriminatory motivation.

Ctr. v. Hicks, 509 U.S. 502, 515-16 (1993); Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000).  Daniels submitted that a Brooklyn Estates employee identified only as Robert or John told him that Gregan rejected his rental application based on his race.  But as the district court correctly concluded, this was hearsay and not admissible evidence.  See Fed. R. Civ. P. 56(c); Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) (noting evidence rules apply equally on summary judgment).  The Brooklyn Estates employee was not an agent of Gregan Equities, Inc., so as to make the statement admissible against that party pursuant to Fed. R. Evid. 801(d)(2).

Accordingly, because the record evidence did not support a finding of racial bias, summary judgment was correctly granted in favor of defendants on this claim.

b.    Disability Discrimination

Daniels's challenge to the dismissal of his disability discrimination claim merits little discussion.   To the extent he faults Gregan for not affording him a reasonable accommodation from the financial requirements applicable to prospective tenants, the claim fails under Salute v. Stratford Greens Garden Apartments, 136 F.3d 293 (2d. Cir. 1998), which observed that the Fair Housing Act "addresses the accommodation of handicaps, not the alleviation of economic disadvantages that may be correlated with having handicaps," id. at 301.  U.S. Airways, Inc. v. Barnett, 535 U.S. 391 (2002), warrants no different conclusion in this case.  Like the plaintiffs in Salute, what stood between this plaintiff and the apartment he sought "[wa]s a shortage of money, and nothing else."  136 F.3d at 302. Daniels points to no "special circumstances" otherwise.  U.S. Airways, Inc. v. Barnett, 535 U.S. at 405.   Consequently, as in Salute, the accommodation Daniels seeks "is not 'necessary' to afford handicapped persons 'equal opportunity' to use and enjoy a dwelling." Salute v. Stratford Greens Garden Apartments, 136 F.3d at 301 (quoting 42 U.S.C. § 3604(f)(3)).

2.    The Brooklyn Estates Defendants

Daniels does not challenge the district court's conclusion that the Brooklyn Estates defendants are not liable as a matter of law for the alleged discriminatory rejection of Daniels's rental application for a Coney Island apartment. See, e.g., Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).  Instead, Daniels challenges the district court's dismissal of his "racial steering" claim based upon defendants' offer of an apartment in Harlem. Because Daniels failed to adduce admissible evidence that the "defendant afforded an

5

African-American person fewer housing opportunities than a similarly-situated White person on account of race," Cabrera v. Jakabovitz, 24 F.3d 372, 390 (2d Cir. 1994) (stating requirements for prima facie claim of racial steering), summary judgment was correctly granted in favor of the Brooklyn Estates defendants.

We have considered Daniels's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court